UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CENTER FOR POPULAR DEMOCRACY,<br>    449 Troutman Street<br>    Brooklyn, NY 11237,<br><br>                   Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br>    1111 Constitution Avenue NW<br>    Washington, DC 20224,<br><br>                   Defendant. | Civil Action No. 24-2929 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. Plaintiff Center for Popular Democracy brings this action to compel defendant Internal Revenue Service to produce records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Center for Popular Democracy (CPD) is a nonprofit, public-interest organization. CPD submitted the FOIA request at issue in this action.

4. Defendant Internal Revenue Service (IRS) is an agency of the United States located within the Department of the Treasury. The IRS has possession or control of the records Plaintiff seeks.

## FACTS

5.     On March 28, 2023, CPD submitted a FOIA request to the IRS seeking:

All records from January 1, 2021, through the date of this request, related to the IRS' **"Puerto Rico Act 22, Individual Investors Act"** enforcement campaign. This request includes, but is not limited to: 1) all records between the IRS and individuals, organizations, associations, government entities, or other groups or affiliations commenting on or otherwise referencing the Act 22 enforcement campaign; 2) any reports or status updates on the Act 22 enforcement campaign shared with members of Congress or government agencies; 3) any communications between the IRS and Puerto Rican government agencies regarding the Act 22 enforcement campaign; 4) any summaries, presentations or available data regarding the amount of soft letters issued during the Act 22 enforcement campaign, and 5) all internal IRS communications related to the Act 22 enforcement campaign.

6.     CPD requested that the IRS waive any fees associated with responding to the FOIA request. CPD explained that disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and that CPD has no commercial interest in the records.

7.     The IRS received CPD's FOIA request on March 28, 2023.

8.     The IRS assigned CPD's FOIA request to the business unit and assigned it case number 2023-11406.

9.     On April 6, 2023, the IRS contacted CPD and suggested that the request be modified. The IRS stated that, with the modifications it proposed, the request would provide CPD with the campaign-related materials that CPD requested but would eliminate duplicative or privileged documents.

10.    On April 7, 2023, CPD agreed to a modification of its original request. The modified request sought the following records regarding the Puerto Rico Act 22, Individual Investors Act Campaign:

      1.   Campaign-related materials as stored on the SharePoint Site (or similar site) for the respective campaign.

      a.      Resource materials relating to the Campaign.

      b.      Materials including practice units, templates, research, and other resource materials for IRS employees.

      c.      Materials as stored on the SharePoint Site in "final" form for use by IRS employees.

2. Campaign-related IRS Employee email correspondence to and from the following individuals:

      a.      Orrin Byrd, Lead Executive of the Act 22 Campaign, Director, Withholding & International Individual Compliance;

      b.      Ursula Gee, Program Manager of the Act 22 Campaign, Withholding, Exchange & International Individual Compliance; and

      c.      Deborah Palacheck, Previous head of the Act 22 Campaign.

11. On April 13, 2023, the IRS notified CPD that it would be unable to provide the requested records within FOIA's 20-working-day deadline and, invoking the 10-working-day extension provided by the statute, stated that the statutory response date would be extended to May 9, 2023. IRS also stated, however, that it would be unable to respond by that date and expected to provide a final response to CPD's request by August 31, 2023.

12. On August 23, 2023, the IRS notified CPD that it expected to provide a final response to CPD's request by September 29, 2023.

13. On September 26, 2023, the IRS notified CPD that it expected to provide a final response to CPD's request by December 29, 2023.

14. On December 29, 2023, the IRS notified CPD that it expected to provide a final response to CPD's request by February 29, 2024.

15. On February 28, 2024, the IRS notified CPD that it expected to provide a final response to CPD's request by May 29, 2024.

16. On March 27, 2024, the IRS issued its "final response" to CPD's FOIA request. The IRS stated that it had located 3,306 pages of responsive records and that it was withholding all 3,306 pages in their entirety pursuant to FOIA exemptions 3, 5, 6, 7(A), 7(C), and 7(E). The IRS also stated that it granted CPD's request for a fee waiver.

17. On June 21, 2024, CPD timely appealed the IRS's refusal to produce any of the records responsive to its FOIA request. CPD's appeal explained that the IRS had failed to perform an adequate search for responsive records, failed to segregate and release non-exempt materials, improperly relied on exemptions 3, 5, 6, 7(A), 7(C), and 7(E), and failed to adequately consider whether disclosure of the supposedly exempt material would harm an interest protected by the exemption.

18. By letter dated August 2, 2024, the IRS denied CPD's appeal.

## CLAIM FOR RELIEF

19. CPD has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records it requested.

20. The IRS has no legal basis for refusing to produce the records responsive to CPD's request, and the IRS's failure to produce the records violates FOIA.

## PRAYER FOR RELIEF

WHEREFORE, CPD requests that this Court:

A. Declare that the IRS's failure to provide the records responsive to CPD's FOIA request is unlawful;

B. Order the IRS to make the requested records available to CPD;

C. Award CPD its costs and reasonable attorneys' fees under 5 U.S.C. § 552(a)(4)(E); and

D. Grant all other appropriate relief.

Dated: October 17, 2024               Respectfully submitted,

/s/ Michael T. Kirkpatrick
Michael T. Kirkpatrick (DC Bar No. 486293)
Adina H. Rosenbaum (DC Bar No. 490928)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-7728
mkirkpatrick@citizen.org

Counsel for Plaintiff